JUDGE SAND

06 CV 14321

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

YANKEES ENTERTAINMENT AND
SPORTS NETWORK, LLC

               Plaintiff,

v.

MEDIA FUSION INC., ROBERT BLAGMAN,
and THOMAS MOFFITT,

               Defendants.
------------------------------------------------------------x



Civil Action No.:

**COMPLAINT AND
JURY DEMAND**

Plaintiff, Yankees Entertainment and Sports Network, LLC ("YES") alleges as follows for its complaint against defendants Media Fusion Inc. ("Media Fusion"), Robert Blagman ("Blagman") and Thomas Moffitt ("Moffitt) (collectively, "Defendants"):

## SUMMARY OF THE ACTION

This is a case about broken promises and deception. YES, a regional sports programming network that televises, among other things, New York Yankees baseball games, contracted with Media Fusion to procure so-called "infomercials" to air on the YES Network at hours when YES was not providing its own programming. For a period of time, Media Fusion did what it agreed to do – it found producers of infomercials, and arranged for those infomercials to be telecast on the YES Network. In turn, Media Fusion was paid an agreed percentage of the fees due to YES for the infomercials. But then things changed.

First, Media Fusion and Blagman fraudulently induced YES to do business with Fairway Media Inc. ("Fairway), a now-bankrupt company controlled by Moffitt. Second, Defendants slowed down their remittance of payments to YES. Finally, Defendants

unilaterally stopped paying YES altogether, notwithstanding the fact that they were collecting money due to YES from the infomercial advertisers and/or their agencies. In simple terms, YES was promised money it was not paid and deliberately deceived into doing business with a person that collected, but did not remit, YES's money. YES now brings this action to recover what it is rightfully owed.

## THE PARTIES

1. Plaintiff YES is a limited liability company organized under the laws of the State of Delaware with its principal place of business in New York, New York.

2. Upon information and belief, Defendant Media Fusion is a corporation organized under the laws of the State of Nevada, with its principal place of business in the State of California.

3. Upon information and belief, Defendant Robert Blagman is an individual domiciled in the State of California.

4. Upon information and belief, Blagman holds all three officer positions – President, Secretary and Treasurer – of Media Fusion.

5. Upon information and belief, Defendant Tommy Moffitt is an individual domiciled in the State of Arizona.

6. Upon information and belief, Moffitt and his wife, Renee Moffitt, are the sole officers and shareholders of Fairway.

## JURISDICTION AND VENUE

7. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 because the parties are citizens of different States and the amount in controversy exceeds $75,000.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a)(2) because Defendants' actions extended into this district and caused damage to YES here.

2

## FACTUAL BACKGROUND

9. YES operates a 24-hour-a-day, 7-day-a-week, premier sports and entertainment television network (the "YES Network"), featuring the New York Yankees Major League Baseball team and the New Jersey Nets National Basketball Association team. In addition to Yankees and Nets games, the YES Network broadcasts other professional and collegiate sports teams, as well as classic sports footage. The YES Network schedule also includes original biography, interview and magazine programs.

10. The YES Network is available to cable and satellite subscribers in a variety of locations throughout the United States, including New York.

11. During certain hours, generally after midnight and on weekend mornings, the YES Network airs paid independent programming, typically in half-hour segments. These independent programs usually consist of advertisements for products, and are commonly referred to as "infomercials."

### I. YES Hires Media Fusion And Blagman To Identify, Procure And Collect Payment From Infomercial Advertisers

12. Beginning in or around April 2005, YES hired Media Fusion and Blagman to obtain infomercials to air on the YES Network. Media Fusion and Blagman would identify entities wishing to produce and air infomercials ("Infomercial Advertisers"). The Infomercial Advertisers produced their own segments that they provided to YES, which then would air them on the YES Network. The Infomercial Advertisers and/or their agencies paid Media Fusion and Blagman YES's charges for airing the infomercials. Media Fusion and Blagman, in turn, took their fees from the Infomercial Advertisers' payments, and then forwarded the balances to YES.

13. Shortly after YES began working with Media Fusion and Blagman, Media Fusion sent YES a proposed contract for its services, already signed by Blagman on behalf of Media Fusion.

14. YES promptly presented Media Fusion and Blagman with a mark-up of the proposed contract.

15. Media Fusion and Blagman never responded to YES's mark-up of the contract, but rather provided services to YES pursuant to an oral contract with YES.

## II. Media Fusion And Blagman Fraudulently Induce YES To Do Business With Fairway And Moffitt

16. In or around late 2005, Blagman represented to YES that, for "accounting reasons" relating to Media Fusion, Blagman wanted YES to use Fairway, in lieu of Media Fusion, to obtain infomercials for YES.

17. Blagman represented to YES that Fairway was a partnership and that Blagman was one of the partners. Blagman further represented that Moffitt was one of Blagman's partners in Fairway. Blagman assured YES that there would be no day-to-day or practical change in the relationship. Moreover, Blagman vouched for Fairway's and Moffitt's qualifications and integrity.

18. Based on these assurances, YES agreed to Blagman's request. YES continued to work directly with Blagman and Media Fusion, but also worked with Moffitt and Fairway to obtain infomercials and remittance for airing those infomercials.

19. Notwithstanding that Blagman brought Moffitt and Fairway into the relationship, Blagman never told YES to send invoices to any place other than Media Fusion. Thus, YES continued to send invoices to Media Fusion, even after Moffitt and Fairway began working with YES.

4

### III. Defendants Stop Making Payments To YES And YES Discovers That Media Fusion's And Blagman's Representations Regarding Moffitt And Fairway Were False

20. Defendants made payments to YES during 2005, albeit often late.

21. Beginning in 2006, however, Defendants began paying YES up to sixty days late.

22. Eventually, Defendants stopped paying YES altogether.

23. Defendants currently owe YES $469,908.13, exclusive of interest and penalties.

24. YES understands from the Infomercial Advertisers that Defendants have received full payment from the Infomercial Advertisers.

25. Nonetheless, Defendants – despite repeated demands from YES for immediate payment in full – have failed to forward to YES the share of those payments to which YES is entitled.

26. YES also has learned that the factual representations made by Blagman and Media Fusion that induced YES into entering into a relationship with Moffitt and Fairway were false.

## COUNT I

## BREACH OF CONTRACT

### (Against Defendant Media Fusion)

27. YES incorporates by reference the allegations set forth in each of the preceding paragraphs as though fully set forth herein.

28. YES entered into an oral contract with Defendant Media Fusion.

29. Pursuant to that contract Defendant Media Fusion, among other things, was required to collect payments from Infomercial Advertisers for infomercials broadcast on

the YES Network, and to promptly forward such payments to YES after taking an agreed portion of the payments for its commission.

30. Defendant Media Fusion collected payments that it failed to forward to YES.

31. This conduct constitutes a breach of contract.

32. Defendant Media Fusion has caused damage to YES through this breach in the amount of $469,908.13.

## COUNT II

## FRAUD

### (Against Defendants Blagman and Media Fusion)

33. YES incorporates by reference the allegations set forth in each of the preceding paragraphs as though fully set forth herein.

34. When Blagman and Media Fusion approached YES to ask that Fairway and Moffitt work with YES, Blagman and Media Fusion, Blagman made several material factual representations to YES. These material factual representations included, but were not limited to, the following:

   a. Fairway was a partnership, in which Blagman was a partner;

   b. There would be no day-to-day or practical change in the relationship among YES, Blagman and Media Fusion; and

   c. The request was made solely for "accounting reasons" associated with Media Fusion.

35. Based on these material factual representations, YES agreed to Blagman's and Media Fusion's request.

36. These material factual representations were false.

37. Blagman and Media Fusion knew these material factual representations were false at the time they were made.

38. Had YES known these material factual representations were false, it would not have done business with Fairway and Moffitt.

39. The false material factual representations made by Blagman and Media Fusion damaged YES in an amount to be established at trial.

## COUNT III

### QUANTUM MERUIT

### (Against All Defendants)

40. YES incorporates by reference the allegations set forth in each of the preceding paragraphs as though fully set forth herein.

41. YES provided a service to Defendants by televising on the YES Network infomercials provided by the Infomercial Advertisers and procured by Defendants.

42. By arranging for the YES Network to televise such infomercials, Defendants became entitled to, and received, payment from the Infomercial Advertisers.

43. YES had a reasonable expectation that it would receive the compensation paid by the Infomercial Advertisers to Defendants, minus an agreed commission to Defendants.

44. The reasonable value of the services provided by YES is $469,908.13.

## COUNT IV

### (UNJUST ENRICHMENT)

### (Against All Defendants)

45. Plaintiff incorporates by reference the allegations set forth in each of the preceding paragraphs as though fully set forth herein.

46. YES conferred a benefit on Defendants by televising on the YES Network infomercials provided by the Infomercial Advertisers and procured by Defendants.

47. By arranging for the YES Network to televise such infomercials, Defendants became entitled to, and received, payment from the Infomercial Advertisers.

48. Defendants did not adequately compensate YES for the benefit conferred upon them by YES.

49. Equity and good conscience require Defendants to make restitution to YES in the amount of $469,908.13.

## PRAYER FOR RELIEF

WHEREFORE, YES demands judgment against Defendants as follows:

(a) Awarding YES actual and consequential damages in an amount to be established at trial, as a result of the allegations set forth herein as established at trial;

(b) Awarding YES interest on any award of actual damages at the rates prescribed by applicable law;

(c) Awarding YES its costs and expenses in this litigation, including reasonable attorneys' fees and experts' fees and other costs and disbursements; and

(d) Awarding YES such other and further relief as may be just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

50. YES demands a trial by jury.

Dated: December 11, 2006

BOIES, SCHILLER & FLEXNER LLP

BY: *[signature: Amy Neuhardt]*

Amy L. Neuhardt (AN-4127)
575 Lexington Avenue
Seventh Floor
New York, New York  10022
Phone:  (212) 446-2300
Fax:  (212) 446-2350
aneuhardt@bsfllp.com

Of counsel:

Robert M. Cooper
Boies, Schiller & Flexner LLP
5301 Wisconsin Avenue, N.W.
Washington, D.C. 20015
Phone: (202) 237-2727
Fax: (202) 237-6131
rcooper@bsfllp.com

*Attorneys for Plaintiff Yankees Entertainment and Sports Network, LLP*